USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTURO ESTEVEZ, *individually and on behalf of all others similarly situated*

                                           Plaintiffs,

-v -

KALA HEALTH ENRICHMENT, INC.,

                                           Defendant.
----------------------------------------------------------------- X

1:21-cv-8833-GHW

NOTICE OF INITIAL PRETRIAL CONFERENCE

GREGORY H. WOODS, United States District Judge:

      This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties participate in an initial pretrial conference with the Court at the time listed below. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any open legal issues can be addressed at the conference.

      All parties are required to register promptly as filing users on ECF. Counsel are further required to review and comply with the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") (available at the Court's website, https://nysd.uscourts.gov/hon-gregory-h-woods).

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference.

      Additionally, the parties are hereby ORDERED to submit via email (WoodsNYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order in PDF format **at least one week before the initial pretrial conference**. The parties shall use this Court's form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-gregory-h-woods).

      IT IS FURTHER ORDERED that the parties submit a joint letter to the Court advising the Court on the status of the case **at least one week before the initial pretrial conference**. The letter should be filed on ECF in accordance with the Court's Individual Rules using the filing event "Letter." The status letter should not exceed six pages and should include the following:

(1)    A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2)    A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii);

(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information the parties believe may assist the Court in resolving the action.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF in accordance with ECF Rule 13.19 prior to the date of the conference.

Any request for an extension or adjournment shall be made only by letter as provided in Individual Rule 1(E) and must be received at least two business days before the deadline or conference. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order are directed (i) to serve a copy of this order and the Court's Individual Rules upon that party, and (ii) to file proof of such service with the Court.

**DUE DATE OF JOINT LETTER and PROPOSED CASE MANAGEMENT PLAN:  February 16, 2022.**

**DATE AND TIME OF CONFERENCE:  February 23, 2022 at 4:00 p.m.**  The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

SO ORDERED.

Dated:  October 29, 2021
New York, New York

GREGORY H. WOODS
United States District Judge